IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHNSEN AND ALLPHIN PROPERTIES, LLC, a Utah limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:12-cv-740-RJS-PMW<br><br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Plaintiff Johnson and Allphin Properties, LLC's ("Plaintiff") motion to compel production of non-privileged documents or in the alternative conduct *in camera* review of privilege claim.[2]  The court has carefully reviewed the extensive written materials submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written materials.  *See* DUCivR 7-1(f).

---

[1] Docket no. 19.

[2] Docket nos. 57 and 69.

## BACKGROUND

Plaintiff alleges in the operative complaint that Defendant First American Title Insurance Company ("Defendant") improperly handled and denied Plaintiff's insurance claim.[3] Sarah Frano was Defendant's Senior Claims Counsel as well as Regional Claims Manager, and investigated and adjusted Plaintiff's claim.[4] Regardless of Ms. Frano's titles, the papers show that Ms. Frano wore different "hats" at different times and that her activities were not solely in a legal capacity.

In response to Plaintiff's request for production of documents, Defendant asserted that hundreds of documents, including Defendant's insurance "claim file," were privileged and either redacted or refused to produce the documents. In April 2014, Defendant served a 35-page privilege log comprising hundreds of documents; an amended privilege log of similar length was served in May 2014. For a significant portion of the listed documents, Defendant asserted and continues to assert privilege on the basis that Ms. Frano is an attorney, regardless of her actual activities. In both privilege logs, Defendant asserted attorney-client privilege *and* attorney work product for virtually every document, including communications between non-lawyers or emails on which Ms. Frano was one of a dozen recipients.

On June 30, 2014, Plaintiff filed the instant motion to compel production of some portion of the documents identified in Defendant's privilege log pursuant to the Short Form Discovery Motion Procedure.[5] On July 8, 2014, Defendant filed its opposition.[6] On August 5, 2014,

---

[3] Docket no. 28.

[4] Ms. Frano's declaration states she is Senior Claim Counsel for Defendant. However, Ms. Frano's email signature block from the time in question states that she was also Regional Claims Manager. *See* Docket no. 57-3 at 10.

[5] Docket no. 57.

Defendant filed its own motion to compel Plaintiff to respond to certain interrogatories, which is addressed in a separate order.[7]  Following the filing of Defendant's short form opposition to the instant motion, the court ordered further briefing on both motions and set a briefing schedule.[8]

After obtaining leave to exceed the briefing page limit, Plaintiff filed its full motion on October 29, 2014.  This was followed by Defendant's 31-page opposition, Plaintiff's reply, Plaintiff's supplemental memorandum in support of the motion, and Defendant's response to the supplemental memorandum.  The last paper was not filed until February 9, 2015.[9]  For this motion alone, Plaintiff's and Defendant's filings, inclusive of exhibits, exceed 620 pages—far in excess of many motions for summary judgment.  This is not lost on the court.

## ANALYSIS

The court cannot grant Plaintiff's motion because it is unclear what specific documents Plaintiff believes should be compelled produced.  Plaintiff initially requests that Defendant be compelled "to produce the documents identified in the Motion,"[10] or that the court conduct an *in camera* review.  Subsequently, Plaintiff requested that the court compel production of "the documents identified in Plaintiff's Letters," apparently referring to the parties' meet and confer letters.[11]  However, neither the motion nor the lengthy attached meet and confer letters specify what documents are in dispute.

---

[6] Docket no. 59.

[7] Docket no. 60.

[8] Docket nos. 62 and 64.

[9] Docket no. 84.

[10] Docket no. 57-6.

[11] Docket no. 69 at 16.

Plaintiff's motion refers to a "35 page privilege log identifying hundreds of documents that had been withheld on the basis of privilege," but the court cannot determine from the moving papers the precise documents that Plaintiff believes should be produced or reviewed. The meet and confer letters refer to a few documents and categories of documents, but do not specifically identify the documents in dispute; the letters also state that the documents discussed therein are provided by way of example, and are not comprehensive.

Without information regarding the specific documents in dispute, the court cannot assess Defendant's basis for claiming privilege or the sufficiency of the privilege log entries, much less frame an order compelling production. Further, the court does not have the basis, resources, or inclination for performing an *in camera* review of all of the documents listed in the privilege log.

Before more ink is spilled, trees are felled, and judicial and client resources are wasted on any further discovery motions, the court takes this opportunity to remind both parties and their counsel of some key tenets of the discovery process. The discovery rules are interpreted and applied liberally to favor discovery. Discovery is supposed to be an efficient, self-executing exchange of relevant information without the involvement of the court so that cases may be resolved on their merits. The meet and confer process is intended for the parties to resolve issues—not talk past each other with copy-and-paste boilerplate. To the extent all disputes cannot be resolved, the meet and confer process should significantly narrow the issues prior the filing of any motion. Involvement of the court in discovery disputes is a matter of last resort. Finally, the discovery process is not intended to be a means to play hardball or hide the ball, or for lawyers to fill billable hour quotas.

In this case, the court also refers both parties to the Utah Supreme Court Rules of Professional Practice, which "should be followed by all judges and lawyers in all interactions

with each other and in any proceedings in Utah." Utah R. Prof. Practice 14-301. Paragraph 17 of rule 14-301 provides:

> Lawyers shall not use or oppose discovery for the purpose of harassment or to burden an opponent with increased litigation expense. Lawyers shall not object to discovery or inappropriately assert a privilege for the purpose of withholding or delaying the disclosure of relevant and non-protected information.

The court admonishes both parties for what appears to be overreaching here. For example, the court has grave concerns about a good faith legal basis for Defendant's contention that "Ms. Frano never takes off her 'hat' as a lawyer, regardless of whether she also investigates claims," or that the mere inclusion of a lawyer on an email as one of a dozen recipients makes the email privileged.[12] Similarly, Defendant has asserted attorney-client privilege *and* attorney work product as to virtually every document in the privilege log, including communications between non-lawyers or where Ms. Frano was one of numerous recipients. Conversely, Plaintiff must recognize that Defendant is entitled to obtain legal counsel subject to the protections of the attorney-client privilege and work product doctrine, particularly from outside counsel such as Mr. Cobb. Plaintiff must also determine which specific claims of privilege Plaintiff has a good faith basis for disputing and which specific documents are actually necessary, particularly now that Plaintiff has deposed Ms. Frano.

Had the lawyers spent as much effort resolving and narrowing disputed issues as they did on meet and confer broadsides and the moving papers, the court believes the issues would have been resolved long ago and at a considerable savings to their respective clients.

The court trusts that both parties will take these tenets and admonitions very seriously in further discussions between counsel and before further involving the court.

---

[12] Docket no. 84 at 4.

For the foregoing reasons, Plaintiff's motion is **DENIED** without prejudice.  Rule 37 provides for the imposition of sanctions when a motion to compel is denied.  Fed. R. Civ. P. 37(a).  For purposes of Rule 37, the court cannot say that portions of Plaintiff's motion were not substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(B).  Further, the court is not persuaded that an award to Defendant is justified under the circumstances presented here.

The court will not leave this case mired in the morass created by unreasonable, overreaching lawyers.  Accordingly, the court orders as follows:  The parties have 30 days from the date of this order to resolve their disputes regarding documents claimed as privileged.  If the parties fail to resolve their disputes in that timeframe, the court will order an *in camera* review of *all* documents listed in the privilege log and educate counsel on the nature and limits of privilege.  Tuition for this education will not come cheap.  The court will impose sanctions on the attorneys for each instance of overreaching—whether for the improper assertion of privilege or for an improper attempt to obtain privileged documents—and will do so in amounts that ensure that counsel will not soon forget the lesson.

**IT IS SO ORDERED**.

DATED this 31st day of March, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge