IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHNSEN AND ALLPHIN PROPERTIES, LLC, <br><br>          Plaintiff, <br><br> v. <br><br> FIRST AMERICAN TITLE INSURANCE COMPANY, <br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT** <br><br> Case No. 2:12-CV-740-DN-PMW <br><br> District Judge David Nuffer |

The parties filed cross-motions for partial summary judgment[1] seeking judgment as a matter of law on Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff acquired a trust deed on property which was subject to a superior deed of trust. In that transaction, Plaintiff acquired a title insurance policy which did not expressly identify the superior deed of trust as an exception or exclusion to coverage.

The parties' briefing[2] identifies the critical issue as whether Plaintiff had actual knowledge of the superior deed of trust prior to its acquisition of the subordinate deed of trust. Plaintiff argues that the undisputed facts demonstrate that it did not have actual knowledge of the superior deed of trust.[3] Defendant, on the other hand, argues that the undisputed material facts

---

[1] Motion for Partial Summary Judgment and Supporting Memorandum ("Plaintiff's Motion"), docket no. 123, filed June 8, 2016; Defendant's Cross Motion for Partial Summary Judgment ("Defendant's Motion"), docket no. 127, filed July 27, 2016.

[2] Plaintiff's Motion, docket no. 123, filed June 8, 2016; Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment ("Defendant's Response"), docket no. 126, filed July 27, 2016; Defendant's Motion, docket no. 127, filed July 27, 2016; Plaintiff's Reply in Support of Motion for Partial Summary Judgment and Opposition to Defendant's Cross-Motion for Summary Judgment ("Plaintiff's Response"), docket no. 135, filed Sept. 9, 2016; Defendant's Reply in Support of its Cross Motion for Partial Summary Judgment ("Defendant's Reply"), docket no. 142, filed Oct. 7, 2016.

[3] Plaintiff's Motion, docket no. 123, filed June 8, 2016; Plaintiff's Response, docket no. 135, filed Sept. 9, 2016.

demonstrate that Plaintiff did have actual knowledge of the superior deed of trust.[4] Because genuine issues of material fact exist, summary judgment on Plaintiff's claims is precluded and the parties' cross-motions are DENIED.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[6] In determining whether there is a genuine dispute as to material fact, the court "view[s] the factual record and draw[s] all reasonable inferences therefrom most favorably to the nonmovant."[7] "Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another."[8] "The existence of any genuine issue as to any material fact precludes the grant of summary judgment."[9]

Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing arise from Defendant's denial of Plaintiff's claim for coverage under a title insurance policy.[10] Plaintiff alleges, among other things, that Defendant failed to insure the first lien position of the deed of trust that Plaintiff acquired; failed and refused to defend Plaintiff against third-parties; failed to resolve Plaintiff's claim without unreasonable delay; and failed to fairly evaluate Plaintiff's claim, all of which caused Plaintiff to incur additional expenses to

---

[4] Defendant's Response, docket no. 126, filed July 27, 2016; Defendant's Motion, docket no. 127, filed July 27, 2016; Defendant's Reply, docket no. 142, filed Oct. 7, 2016.

[5] FED. R. CIV. P. 56(a).

[6] Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

[7] Id.

[8] Buell Cabinet Co., Inc. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979).

[9] Id. (internal quotations omitted).

[10] Third Amended Complaint ¶¶ 89-123, docket no. 111, filed Mar. 15, 2016.

preserve its rights and interests in the subject property.[11] The parties' cross-motions for partial summary judgment[12] turn on whether Plaintiff had actual knowledge of the superior deed of trust prior its acquisition of the subordinate deed of trust.

While many of the material facts asserted in the parties' briefing are undisputed, the issue of *Plaintiff's actual knowledge* is itself a question of fact that cannot properly be resolved on summary judgment if "a rational trier of fact could resolve the issue either way."[13] Defendant argues that Plaintiff had actual knowledge because, prior to acquiring the deed of trust, Plaintiff reviewed two limited title reports that identified the superior deed of trust as recorded against the property.[14] Defendant further relies on the fact that Plaintiff's principals were sophisticated enough to know that a partial deed of reconveyance of the superior deed of trust would not necessarily extinguish the entire deed of trust.[15] Plaintiff admits that it reviewed the limited title reports, but argues that it lacked actual knowledge because it received assurances from third-parties that the superior deed of trust was invalid, a mistaken entry, paid, or would otherwise not affect the position of the deed of trust Plaintiff acquired.[16] Plaintiff also relies on its review of

---

[11] *Id*. ¶¶ 96-98, 110-12, 116-17, 121.

[12] Plaintiff's Motion, docket no. 123, filed June 8, 2016; Defendant's Motion, docket no. 127, filed July 27, 2016.

[13] *Adler*, 144 F.3d at 670.

[14] Defendant's Response at 22 ¶ 20, docket no. 126, filed July 27, 2016 (citing Third Amended Complaint ¶¶ 47-49, docket no. 111, filed Mar. 15, 2016); Plaintiff's Response at 40 ¶ 20, docket no. 135, filed Sept. 9, 2016.

[15] Defendant's Response at 22-23 ¶¶ 24-25, docket no. 126, filed July 27, 2016 (citing Deposition Transcript of Joseph Fredrick Johnsen, dated Mar. 1, 2016, at 77:17-78:24, docket no. 126-2, filed July 27, 2016); Plaintiff's Response at 42-43 ¶¶ 24-25, docket no. 135, filed Sept. 9, 2016.

[16] Plaintiff's Motion at xii-xiii ¶¶ 20-21, docket no. 123, filed June 8, 2016 (citing D. Allphin and J. Wootton texts, docket no. 123-10, filed June 8, 2016; Deposition Transcript of Jeremy Wootton, dated Mar, 12, 2014, at 181:1-7, 185:19-186:1, docket no. 123-11, filed June 8, 2016; Deposition Transcript of Brian Anderson, dated Mar. 21, 2014, at 47:13-48:4, 53:16-20, 54:6-7, 64:18-66:4, 67:18-25, 74:10-14, 76:13-21, docket no. 123-14, filed June 8, 2016); Defendant's Response at 16-18 ¶¶ 20-21, docket no. 126, filed July 27, 2016.

Defendant's title insurance policy, which does not expressly list the superior deed of trust as an exception to coverage.[17]

Under these circumstances, a rational trier of fact could resolve the issue of Plaintiff's actual knowledge of the superior lien or encumbrance either way. Genuine issues of material fact also exist regarding the reasonableness of Defendant's conduct in evaluating and acting on Plaintiff's claim for coverage and whether the claim was fairly debatable. Therefore, summary judgment on Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing is precluded. The factual issues are appropriately decided at trial by the finder of fact.

ORDER

IT IS HEREBY ORDERED that the parties' cross-motions for partial summary judgment[18] are DENIED.

Signed October 18, 2016.

BY THE COURT

_____

District Judge David Nuffer

---

[17] Plaintiff's Motion at xi ¶ 18, docket no. 123, filed June 8, 2016 (citing Deposition Transcript of Daniel M. Allphin, dated Sept. 6, 2012, at 102:7-9, docket no. 123-8, filed June 8, 2016); Defendant's Response at 15-16 ¶ 18, docket no. 126, filed July 27, 2016.

[18] Plaintiff's Motion, docket no. 123, filed June 8, 2016; Defendant's Motion, docket no. 127, filed July 27, 2016.