IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHNSEN AND ALLPHIN PROPERTIES, LLC,<br><br>                    Plaintiff,<br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:12-CV-740-DN-PMW<br><br>District Judge David Nuffer |

Defendant seeks dismissal of Plaintiff's claim for breach of fiduciary duty and Plaintiff's request for punitive damages.[1] Because Defendant's first-party insurance relationship with Plaintiff and the economic loss rule preclude Plaintiff's tort claim for breach of fiduciary duty, and because punitive damages are not available on Plaintiff's contract claims, Defendant's motion to dismiss[2] is GRANTED.

**DISCUSSION**

A defendant is entitled to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[3] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not

---

[1] Defendant's Motion to Dismiss Plaintiff's Fifth Claim for Relief for Breach of Fiduciary Duty and Claim for Punitive Damages, docket no. 113, filed Apr. 8, 2016.

[2] *Id*.

[3] *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

be considered.[4] A court is not bound to accept the complaint's legal conclusions and opinions, whether or not they are couched as facts.[5]

Plaintiff's claim for breach of fiduciary duty and its request for punitive damages pertain to a title insurance policy issued by Defendant.[6] Plaintiff alleges that Defendant breached its fiduciary duties when it:

- failed to timely and diligently investigate the facts forming the basis for Plaintiff's claim for coverage under the policy;[7]

- failed to timely and fairly evaluate Plaintiff's claim for coverage under the policy;[8]

- failed to timely reject or settle Plaintiff's claim for coverage under the policy;[9] and

- took no action to defend Plaintiff's interests against a third party that initiated non-judicial foreclosure proceedings on the subject property.[10]

"Title insurance is intended to indemnify an insured for losses suffered by reason of defects in the title to the property or by reason of liens or encumbrances on the property itself."[11] In Utah, title insurers are required to conduct reasonable title searches before writing policies.[12] Utah appellate courts generally hold, however, that title insurers are not liable in tort for errors relating to title and that the law does not impose on them a duty to abstract titles:

---

[4] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[6] Third Amended Complaint ¶¶ 118-39, B-C, docket no. 111, filed Mar. 15, 2016.

[7] *Id*. ¶ 121.

[8] *Id*. ¶ 126.

[9] *Id*. ¶ 128.

[10] *Id*. ¶¶ 130, 133.

[11] *Valley Bank and Trust Co. v. U.S. Life Title Ins. Co. of Dallas*, 776 P.2d 933, 935-36 (Utah Ct. App. 1989) (internal quotations omitted); *see also Breuer-Harrison, Inc. v. Combe*, 799 P.2d 716, 729-30 (Utah Ct. App. 1990).

[12] Utah Code Ann. § 31A-20-110(1).

> The function, form, and character of a title insurer is different from that of an abstractor. One who hires a title insurance company does so for the purpose of obtaining the assurance or guarantee of obtaining a certain position in the chain of title rather than for the purpose of discovering the title status. A title insurance company's function is generally confined to the practice of insurance, not to the practice of abstracting. [13]

Therefore, claims against title insurers will typically sound in contract: "[a] title insurance policy, like other insurance policies, serves as a contract between the insurer and the insured, and as such is subject to the general rules of contract construction."[14] "[U]nless the language of the policy is ambiguous or unclear, [courts] construe it according to the policy's plain and ordinary meaning."[15] Consequently, "under first-party coverage, the duties and obligations of the parties are contractual rather than fiduciary, and … without more, a breach of those implied or express duties can give rise only to a cause of action in contract, not one in tort."[16]

In a similar vein, the economic loss rule bars tort claims that arise out of a contractual relationship. "The economic loss rule is a judicially created doctrine that marks the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care."[17] Thus, "failure to properly perform a duty assigned by [a] contract is a breach of that contract and nothing more."[18] Simply put, the economic loss rule precludes claims for nonintentional torts arising out of a contractual

---

[13] *Chapman v. Uintah County*, 2003 UT App 383, ¶ 16, 81 P.3d 761 (quoting *Culp Const. Co. v. Buildmart Mall*, 795 P.2d 650, 654 (Utah 1990)).

[14] *Holmes Dev., LLC v. Cook*, 2002 UT 38, ¶ 24, 48 P.3d 895 (internal quotations omitted).

[15] *Id*. (internal quotations omitted).

[16] *Black v. Allstate Ins. Co.*, 2004 UT 66, ¶ 24, 100 P.3d 1163 (internal quotations omitted).

[17] *SME Indus., Inc. v. Thompson, Ventulett, Stainback and Assocs., Inc.*, 2001 UT 54, ¶ 32, 28 P.3d 669.

[18] *Grynberg v. Questar Pipeline Co*., 2003 UT 8, ¶ 52, 70 P.3d 1.

relationship absent physical property damage, bodily injury, or the existence of an independent, non-contractual duty.[19]

Plaintiff and Defendant's relationship in this case arises from a contract—the title insurance policy. The policy creates a first-party insurance relationship that defines the scope of the parties' duties and obligations. In this first-party situation, "[n]o relationship of trust and reliance is created by the contract; [the contract] simply obligates the insurer to pay claims submitted by the insured in accordance with the contract."[20] Therefore, Defendant's duties and obligations to Plaintiff are contractual rather than fiduciary, and without more, a breach of Defendant's implied or express duties can give rise only to a cause of action in contract, not one in tort.[21]

Plaintiff's claim for breach of fiduciary duty is alleged as an independent tort that arises from Defendant's contractual duties and Defendant's position of trust and confidence.[22] Utah law recognizes that a "breach of [the] duty to defend may potentially expose the insurer to consequential and punitive damages awards in excess of policy limits."[23] "By undertaking a duty to defend the insured, the insurer incurs a fiduciary duty to its insured to protect the insured's interests as zealously as it would its own; consequently, a tort cause of action is recognized to remedy a violation of that duty."[24] However, "an insurer's 'duty to defend' does not arise until a

---

[19] *SME Indus., Inc.*, 2001 UT 54, ¶ 32; *Grynberg*, 2003 UT 8, ¶¶ 40-53; *Gallagher v. Alliance Bancorp*, 2011 WL 2789935, *3 (D.Utah July 13, 2011).

[20] *Beck v. Farmers Ins. Exchange*, 701 P.2d 795, 800 (Utah 1985).

[21] *Id*. at 799-800; *Black*, 2004 UT 66, ¶ 24.

[22] Third Amended Complaint ¶ 119, docket no. 111, filed Mar. 15, 2016; *see also Stevensen 3rd East, LC v. Watts*, 2009 UT App 137, ¶ 32, 210 P.3d 977 (internal quotations omitted).

[23] *Black*, 2004 UT 66, ¶ 25 (internal quotations and punctuation omitted).

[24] *Id*. (internal quotations omitted).

formal lawsuit has been commenced against the insured."[25] "Only upon the initiation of formal legal proceedings does the insurer undertake a fiduciary duty to defend its insured by appointing counsel and thereafter zealously protesting the interests of its insured in defending or negotiating settlement of the action."[26] Therefore, "prior to the filing of a formal lawsuit, breach of an insurer's duties in handling third party claims, without more, may give rise only to a cause of action in contract, not one in tort."[27]

In this regard, Plaintiff alleges that a third party initiated a non-judicial foreclosure on the subject property and that Defendant failed to appear and defend Plaintiff's interests.[28] This non-judicial foreclosure, however, did not expose Plaintiff to a judgment and personal liability in excess of the policy limits that would trigger Defendant's fiduciary duty to defend.[29] "While … much of the negotiation and settlement of claims occurs prior to the filing of a formal complaint, during [the] pre-litigation phase, the insured has not yet relinquished any right to negotiate on his own behalf."[30] And Plaintiff alleges it did this when it negotiated the purchase of the third party's deed of trust to avoid the property's non-judicial foreclosure.[31] Though Defendant's failure to appear and settle the non-judicial foreclosure may have later led to the commencement of formal legal proceedings against Plaintiff, such as an action seeking a deficiency judgment,[32] the non-judicial foreclosure did not trigger a fiduciary duty on the part of Defendant.[33]

---

[25] *Id*. at ¶ 27.

[26] *Id*.

[27] *Id*.

[28] Third Amended Complaint ¶¶ 33-40, 79-85, 129-34, 137, docket no. 111, filed Mar. 15, 2016.

[29] *Black*, 2004 UT 66, ¶ 25; *Beck*, 701 P.2d at 799.

[30] *Black*, 2004 UT 66, ¶ 27 (internal quotations and punctuation omitted).

[31] Third Amended Complaint ¶¶ 86-87, 135

[32] Utah Code Ann. § 78B-6-902.

[33] *Black*, 2004 UT 66, ¶ 27; *Beck*, 701 P.2d at 799.

Therefore, Plaintiff has failed to allege sufficient facts to support its tort claim for breach of fiduciary duty against Defendant. The duties and obligations of Defendant were contractual rather than fiduciary. Consequently, Plaintiff's breach of fiduciary duty claim is precluded as a matter of law by Defendant's first-party insurance relationship with Plaintiff and the economic loss rule, in the absence of other circumstances creating independent duties.

Additionally, while punitive damages may be available to a plaintiff that alleges a claim in tort, "[a]llegations of breach [of contract and] breach of the implied covenant of good faith and fair dealing owed first party insurers and their insured sound in contract, not in tort."[34] The "'[d]amages recoverable for breach of contract include both general damages, *i.e.*, those flowing naturally from the breach, and consequential damages, *i.e.*, those reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made.'"[35] Therefore, Plaintiff "will be unable to recover punitive damages in this case, [but] may recover both general and consequential damages, which could conceivably exceed the amount of [the] policy limit."[36]

---

[34] *Canyon Country Store v. Bracey*, 781 P.2d 414, 423 (Utah 1989).

[35] *Black*, 2004 UT 66, ¶ 28 (quoting *Beck*, 701 P.2d at 801).

[36] *Id*.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss[37] is GRANTED.

Plaintiff's fifth cause of action for breach of fiduciary duty[38] and Plaintiff's request for punitive

damages[39] are DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that the parties shall meet, confer, and within

fourteen days file a proposed amended scheduling order for the case.

Signed October 31, 2016.

BY THE COURT

_____

District Judge David Nuffer

---

[37] Defendant's Motion to Dismiss Plaintiff's Fifth Claim for Relief for Breach of Fiduciary Duty and Claim for Punitive Damages, docket no. 113, filed Apr. 8, 2016.

[38] Third Amended Complaint ¶¶ 118-39, docket no. 111, filed Mar. 15, 2016.

[39] *Id*. ¶¶ B-C.